# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| BNA SUBSIDIARIES, LLC, ) | |
| ) | Case No. 10-13087 (BLS) |
| Debtor. ) | |
| _____) | |
| ) | |
| CHARLES E. HOLSTER, III, Individually and ) | |
| On behalf of all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 10-_____ |
| ) | |
| BNA SUBSIDIARIES, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

## INTRODUCTION

1. Plaintiff, Charles E. Holster III, by and through the undersigned counsel, seeks a Judgment of Non-Dischargeability pursuant to 11 U.S.C. § 523(a)(6) against Debtor, BNA Subsidiaries, LLC, for claims Plaintiff brought against Debtor in an action styled as *Charles E. Holster III, Individually and on Behalf of All Others Similarly Situated v. BNA Subsidiaries, LLC* (D.N.H.; Case 1:09-cv-00365-SM) ("New Hampshire Action") (a copy of the Complaint in the New Hampshire Action is annexed hereto as Exhibit "A").

2. Debtor's obligations, upon which the New Hampshire Action was brought, arise from its below-described violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations enacted thereunder (collectively, "TCPA"), all of which such violations are actionable under the TCPA.

## JURISDICTION AND VENUE

3.  This Adversary Proceeding is brought under Rule 7001(b) of the Federal Rules of Bankruptcy Procedure.

4.  This Adversary Proceeding is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(I) and 157(b)(2)(J).

5.  This Adversary Proceeding arises out of, and is related to, the above-captioned Bankruptcy Proceeding.

6.  This Court has jurisdiction of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b)(1), 157(b)(2)(I), 157(b)(2)(J), and 1334.

7.  Venue of this Adversary Proceeding in this Court is appropriate pursuant to 28 U.S.C. § 1409(a).

## FACTS

### Violations of 47 U.S.C. § 227(b)(1)(C)

8.  Between the period of October 30, 2005, through the commencement of the above-captioned Bankruptcy Proceeding, Debtor intentionally transmitted more than 20,000 facsimiles ("Debtor's facsimiles") to more than 20,000 recipients, one of whom was Plaintiff.

9.  Debtor's facsimiles advertised the commercial availability or quality of property, goods, or services.

10. Debtor sent all or nearly all of its facsimiles to recipients who had not given Debtor prior express invitation or permission and who did not have an "established business relationship" with Debtor.

11. Section 227(b)(1)(C) of the TCPA states that, "[i]t shall be unlawful . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement

to a telephone facsimile machine."

12. Section 227(a)(5) of the TCPA states that, "'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

13. Debtor, in sending its facsimiles, violated Section 227(b)(1)(C) of the TCPA.

**Violations of 47 U.S.C. § 227(b)(1)(C)(iii)**

14. Section 227(b)(1)(C)(iii) of the TCPA exempts, from liability under the TCPA, a sender of an unsolicited facsimile advertisement to a recipient with whom the sender has an "established business relationship" if, *inter alia*, the facsimile advertisement contains a notice that complies with the requirements of 47 U.S.C. § 227(b)(2)(D).

15. If any of Debtor's facsimiles that were sent on or before July 31, 2006, were sent to a recipient with whom Debtor had an "established business relationship," such facsimiles would have failed to comply with 47 U.S.C. § 227(b)(2)(D), because, *inter alia*, such facsimiles (a) did not state that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines; (b) did not state that a person's request to opt-out of future fax advertising will only be effective if the request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates; (c) did not state that failure to comply, as determined by the Federal Communications Commission, with such a request is unlawful; and (d) did not state that such a request will only be effective if the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his telephone facsimile machine.

**Violations of 47 C.F.R. § 64.1200(a)(3) With Respect To Those of
Debtor's Faxes That Were Sent On or After August 1, 2006**

16. Section 64.1200(a)(3)(iii) of 47 C.F.R., which became effective on August 1, 2006, contains the requirements of the notice that a facsimile must contain in order to qualify for the "established business relationship" exemption under 47 U.S.C. § 227(b)(1)(C)(iii).

17. Section 64.1200(a)(3)(iv) of Title 47 C.F.R., which became effective on August 1, 2006, states that a facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must comply with 47 C.F.R. § 64.1200(a)(3)(iii).

18. If any of Debtor's facsimiles that were sent on or after August 1, 2006, were sent to a recipient with whom Debtor had an "established business relationship," or to a recipient that had provided prior express invitation or permission to Debtor, such facsimiles would have violated 47 C.F.R. § 64.1200(a)(3)(iii) and (iv), respectively, because, *inter alia*, they (a) did not state that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines; (b) did not state that a person's request to opt-out of future fax advertising will only be effective if the request identifies the telephone number or numbers of the telephone facsimile machine or machines to which the request relates; (c) did not state that failure to comply, within 30 days, with such a request is unlawful; and (d) did not state that such a request will only be effective if the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his telephone facsimile machine.

**Damages**

19. Under Section 227(b)(3) of the TCPA, Debtor is liable to the recipients of Debtor's unlawfully sent facsimiles for a minimum of $500 in statutory damages per violation of

the TCPA.

20. Damages for unlawfully sent faxes are difficult to quantify but are recognized and remedied by the statutory damages available under the TCPA.

### **REASONS FOR NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)**

21. Debtor intentionally sent its facsimiles.

22. The sending of Debtor's facsimiles violated the TCPA.

23. Debtor had substantial certainty, and it was objectively substantially certain, that the sending of Debtor's facsimiles would cause those facsimiles to be received.

24. The receipt of an unlawfully sent facsimile is an injury regardless of any additional consequences.

25. Debtor had substantial certainty, and it was objectively substantially certain, that the sending of Debtor's facsimiles would injure each of the recipients and/or their property in at least one of the following ways: by depriving the recipients of Debtor's facsimiles of toner and and/or paper; commandeering the recipients' fax machines, fax servers, and/or computers; interfering with the recipients' business operations; and wasting the recipients' time.

26. Debtor violated the TCPA without just cause or excuse.

27. On October 30, 2009, Plaintiff filed the New Hampshire Action based on the Debtor's above-described violations of the TCPA.

28. In the New Hampshire Action, Plaintiff sought, for himself and all others similarly situated, statutory damages, injunctive relief, legal fees, and costs and disbursements.

29. As of the date of the commencement of Debtor's Bankruptcy Proceeding, the New Hampshire Action was in the discovery phase.

## COUNT I

## NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

30. Plaintiff incorporates by reference the allegations contained in all other paragraphs of this Complaint as though fully set forth herein.

31. As stated herein, the Debtor acted willfully and maliciously and caused willful and malicious injury to other entities or to the property of other entities.

32. Based upon the Debtor's above-described conduct, Plaintiff is entitled to a Judgment of Non-Dischargeability under 11 U.S.C. § 523(a)(6) of all of Plaintiff's claims against the Debtor in the New Hampshire Action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter, in favor of Plaintiff and against Debtor, a judgment of non-dischargeability under 11 U.S.C. § 523(a)(6) with respect to the obligations of Debtor that are the subject matter of *Charles E. Holster III, Individually and on Behalf of All Others Similarly Situated v. BNA Subsidiaries, LLC* (D.N.H.; Case 1:09-cv-00365-SM); and award Plaintiff such other and further relief as this Court deems just and proper.

Dated: November 8, 2010  
Wilmington, Delaware

        Respectfully submitted,  
        MARGOLIS EDELSTEIN

        /s/ Herbert W. Mondros  
        Herbert W. Mondros, Esq. (#3308)  
        750 Shipyard Drive  
        Wilmington, Delaware 19801  
        (302) 888-1112  
        (302) 888-1119 (fax)  
        hmondros@margolisedelstein.com

        TODD C. BANK  
        (motion for admission *pro hac vice* pending)

119-40 Union Turnpike, Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
TBLaw101@aol.com

BELLIN & ASSOCIATES LLC
Aytan Y. Bellin
(motion for admission *pro hac vice* pending)
85 Miles Avenue
White Plains, New York 10606
(914) 358-5345
aytan.bellin@bellinlaw.com

Attorneys for Plaintiff