IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------ x
: 
In re: : Chapter 11
:
BNA SUBSIDIARIES, LLC[1] : Case No. 10-13087 (BLS)
:
Debtor. : Hearing Date: February 9, 2011 at 2:00 p.m.
. Objection Deadline: February 2, 2011 at 4:00 p.m.
:
------------------------------------ x

## NOTICE OF HEARING AND OBJECTION DATES REGARDING DISCLOSURE STATEMENT WITH RESPECT TO THE PLAN OF REORGANIZATION OF BNA SUBSIDIARIES, LLC

**PLEASE TAKE NOTICE THAT** on December 30, 2010, BNA Subsidiaries, LLC (the "Debtor"), filed the Plan of Reorganization of BNA Subsidiaries, LLC [Docket No. 145] (as may be amended, the "Plan") and the Disclosure Statement With Respect to the Plan of Reorganization of BNA Subsidiaries, LLC [Docket No. 146] (as may be amended, the "Disclosure Statement").[2]

**PLEASE TAKE FURTHER NOTICE THAT** a hearing will be held before the Honorable Brendan L. Shannon, United States Bankruptcy Judge, on **February 9, 2011 at 2:00 p.m. prevailing Eastern Time,** in the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 1, Wilmington, Delaware 19801-3024 (the "Disclosure Statement Hearing"), to consider the entry of an order, among other things, finding that the Disclosure Statement contains "adequate information" within the meaning of section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and approving the Disclosure Statement for solicitation purposes. Please be advised that the Disclosure Statement Hearing may be continued from time to time by the Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on those parties entitled to notice. **THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS AND UNTIL THE DISCLOSURE STATEMENT IS APPROVED BY ORDER OF THE BANKRUPTCY COURT.**

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to the adequacy or approval of the Disclosure Statement, must (a) be in writing; (b) comply with the Bankruptcy

---

[1] The last four digits of the Debtor's federal tax identification number are 5412.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

Rules, the Local Rules for the United States Bankruptcy Court for the District of Delaware and any orders of the Bankruptcy Court; (c) state the name and address of the objecting party, and (d) state with particularity the basis and nature of any objection to the Disclosure Statement and, if practicable, a proposed modification that would resolve such objection.

**PLEASE TAKE FURTHER NOTICE THAT** all objections and responses to the adequacy or approval of the Disclosure Statement, if any, must be filed with the Court no later than **February 2, 2011 at 4:00 p.m. prevailing Eastern Time** (the "Objection Deadline") and served upon the following parties so as to be **actually received** by the Objection Deadline: (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq.; (ii) counsel to the Debtor, Cole, Schotz, Meisel, Forman & Leonard, P.A., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801, Attn: Norman L. Pernick, Esq. and Marion M. Quirk, Esq. and (iii) counsel to the Bureau of National Affairs, Inc., Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square. P.O. Box 636, Wilmington, Delaware 19899, Attn: Gregg M. Galardi. Esq.

**PLEASE TAKE FURTHER NOTICE THAT** the Plan contains certain provisions regarding releases and injunction as follows:

### 11.9   Releases

(a)   **Releases by Debtor**

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtor, the Reorganized Debtor and any Person or Entity seeking to exercise the rights of the Debtor's estate, including, without limitation, any successor to the Debtor or any estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever in connection with or related to the Debtor, the conduct of the Debtor's business, the Chapter 11 Case, or the Plan (other than the rights of the Debtor and the Reorganized Debtor to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the conduct of the Debtor's business, the Reorganized Debtor, the Chapter 11 Case, or the Plan, and that may be asserted by or on behalf of the Debtor, the Estate, or the Reorganized Debtor against (i) any of the Debtor's non-Debtor affiliates, (ii) any of the present or former directors, officers, or employees of the Debtor or any of the Debtor's non-Debtor affiliates, (iii) any Professionals of the Debtor and (iv) the DIP Lender and its advisors.

(b)   **Releases by Holders of Claims**

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each Holder of a Claim shall be deemed to forever release, waive, and

2

discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever against the present or former directors, officers, or employees of the Debtor (collectively, the "Releasees"), in connection with or related to the Debtor, the conduct of the Debtor's business, the Chapter 11 Case, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the conduct of the Debtor's business, the Chapter 11 Case, or the Plan.

Each of the Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever arising on or prior to the Effective Date in any way relating to the Debtor, the conduct of the Debtor's business, the Chapter 11 Case, or the Plan, that such Releasees may hold in their individual capacities against each Holder of a Claim.

### 11.11 Injunction

(a) Except as provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtor, the Reorganized Debtor, or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor; or (v) commencing or continuing any action, in each such case in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(b) As of the Effective Date, all Persons that have held, currently hold, or may hold, a Claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released, or an Interest that is terminated, pursuant to Section 11.9, 11.10, or 11.11 of the Plan are permanently enjoined from taking any of the following actions on account of such released Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities, or such terminated Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance; (iv) asserting a setoff against any debt, liability, or obligation due to any released Person; or (v) commencing or continuing any action, in any manner, in any place, or against any Person that does not comply with or is inconsistent with the provisions of the Plan.

(c) Without limiting the effect of the foregoing provisions of this Section 11.12 upon any Person, by accepting distributions pursuant to the Plan, each Holder of an Allowed Claim

3

receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 11.12.

(d) Nothing in this Section 11.12 shall impair (i) the rights of any Holder of a Disputed Claim to establish its Claim in response to an objection filed by the Debtor or the Reorganized Debtor, or (ii) the rights of any party to an executory contract or unexpired lease that has been assumed by the Debtor pursuant to an order of the Bankruptcy Court or the provisions of the Plan to enforce such assumed contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Disclosure Statement and the Plan may be obtained free of charge (i) by request to the Debtor's counsel (a) via e-mail at kstahl@coleschotz.com; (b) via written request to Kimberly Stahl, 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801; (c) via telephone at (302) 652-3131; or (d) via facsimile at (302) 652-3117 or (ii) by request to Logan & Company, Inc. (a) via e-mail at processing@loganandco.com; or (b) via telephone at (973) 509-3190. In addition, copies of the Disclosure Statement and the Plan may be viewed and downloaded, free of charge, at the following website: http://www.loganandco.com. To access documents on the Court's website http://www/deb.uscourts.gov, you will need a PACER password and login, which can be obtained at http://www.pacer.psc.uscourts.gov.

Dated: December 30, 2010  
       Wilmington, Delaware

**COLE, SCHOTZ, MEISEL FORMAN & LEONARD, P.A.**

By: _/s/ Marion Quirk_  
Norman L. Pernick (No. 2290)  
Marion M. Quirk (No. 4136)  
Karen M. Grivner (No. 4372)  
500 Delaware Avenue, Suite 1410  
Wilmington, DE 19801  
Tel: (302) 652-3131  
Fax: (302) 652-3117

Counsel for the Debtor  
and Debtor in Possession

48615/0001-7272830v1